IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION AT MEMPHIS

| | | |
|---|---|---|
| KELVIN BERNARD ALLEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No.: |
| | ) | |
| HUMANA INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**NOTICE OF REMOVAL**

Defendant Humana Insurance Company ("Humana"), pursuant to 28 U.S.C. §§ 1441 and 1446, files this Notice of Removal removing this action from the General Sessions Court of Shelby County, Tennessee to the United States District Court for the Western District of Tennessee, Western Division, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. In support of this Notice of Removal, Humana would show as follows:

1. This case is properly removed to this Court pursuant to 28 U.S.C. §§ 1331, 1441, and 1446 because Humana has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

**I.   BACKGROUND INFORMATION AND ALLEGATIONS**

2. On August 26, 2009, Plaintiff Kelvin Bernard Allen ("Plaintiff") commenced this action against Humana by filing his Civil Warrant ("Warrant") in the General Sessions Court of Shelby County, Tennessee. This action has been designated Civil Warrant Number 1379810 in the General Sessions Court of Shelby County, Tennessee. A copy of the Warrant and all other pleadings filed in the General Sessions Court of Shelby County are attached hereto as Exhibit A.

3.      In the Warrant, Plaintiff alleges a breach of his employee benefit plan ("the plan"), in which Humana provided coverage to Plaintiff.  Plaintiff claims Humana breached its terms of the agreement by refusing a "claim when [Plaintiff] need[ed] them most."  Warrant p. 1.  Plaintiff further alleges Humana provided a "false sense of having" insurance, and dropped its coverage without "notice warning or grace period."  *Id*.  Similarly, Plaintiff claims Humana breached its plan with Plaintiff by terminating Plaintiff's policy without giving Plaintiff a "chance to continue to keep [the] policy in force."  *Id*.  Finally, Plaintiff alleges Humana prematurely terminated Plaintiff's coverage after Plaintiff had paid for the month.  *Id*.

## II.     HUMANA HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

4.      This Notice of Removal is timely under 28 U.S.C. § 1446(b).  Plaintiff provided notice of the suit to Humana by delivering two copies of the Warrant to the secretary of state on August 26, 2009, pursuant to section 56-2-506 of the Tennessee Code Annotated.  Accordingly, this Notice of Removal is timely filed within 30 days of receipt of the pleading in accordance with the provisions of 28 U.S.C. § 1446(b).  *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc*., 526 U.S. 344, 356 (1999).

5.       The United States District Court for the Western District of Tennessee, Western Division, embraces the county in which the state-court action is pending.  This case is therefore properly removed to this Court pursuant to 28 U.S.C. §§ 123(c)(1) & 1441(a).

6.      No previous application has been made for the relief requested herein.

7.      Pursuant to 28 U.S.C. § 1446(d), Humana is filing written notice of this removal with the clerk of the State Court in which the action is currently pending.  A copy of the Notice of Filing of Removal is attached hereto as Exhibit B, and together with a copy of this Notice of Removal, it is being served upon Plaintiff pursuant to 28 U.S.C. § 1446(d).

### III.   REMOVAL IS PROPER IN THIS CASE BASED ON FEDERAL QUESTION JURISDICTION.

8.   Removal is proper in this case because this Court has subject matter jurisdiction over the claims pursuant to 28 U.S.C. §§ 1331 and 1441 because it is a civil action arising under the laws of the United States.  More specifically, removal is proper because Plaintiff's Warrant contains allegations that are based on the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001, *et seq.*

9.   The plan entered into by Plaintiff and Humana is covered by ERISA.  Section 3(1) of ERISA provides in pertinent part as follows:

> The terms "employee welfare benefit plan" and "welfare plan" mean any plan, fund, or program … established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment, or vacation benefits…

29 U.S.C. § 1002(1)

The plan, therefore, is covered by ERISA because it provides benefits covered by section 3(1)(A), as defined above.

10.   Further, because this action involves a claim to enforce and clarify rights under an employee benefit plan, it arises under Section 502(a)(1)(B) of ERISA, 29 U.S.C. §1132(a), which provides in pertinent part:

> A civil action may be brought—
> (1) by a participant or beneficiary—
>     (A) for relief provided for in subsection (c) of this section, or
>     (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

29 U.S.C. § 1132(a).

11.   Accordingly, removal is proper because Plaintiff's suit contains allegations that

are completely preempted by the Employee Retirement Income Security Act ("ERISA") 29 U.S.C. §§ 1001, *et seq.*  Whether or not a cause of action has been completely preempted is determined by the intent of congress.  *Metropolitan Life Inc. Co. v. Taylor*, 481 U.S. 58, 66, (1987).  In *Metropolitan Life,* the Supreme Court extended the "complete preemption" exception to the well pleaded complaint rule to ERISA cases, reasoning that "Congress has clearly manifested an intent to make causes of action within the scope of the civil enforcement provisions of § 502(a) removable to federal court."  481 U.S. at 63-67.  Removal is proper, therefore, because Plaintiff's allegations fall within the scope of section 502 of ERISA.

12. Removal is proper even though Plaintiff's Warrant makes no mention of ERISA because the court must construe the employee benefit plan to resolve the case.  In *Benton v. Vanderbilt University,* the district court endorsed the Seventh Circuit's holding that "a suit brought by an ERISA plan participant is an action 'to enforce his rights under the terms of a plan' within the scope of § 502(a)(1)(B) where the claim rests upon the terms of the plan or the 'resolution of the [plaintiff's] state law claim…require[s] construing [the ERISA plan]."  118 F. Supp.2d 877, 881-81 (M.D. Tenn. 2000) *citing Rice v. Panchal*, 65 F.3d 637, 644-45) (7th Cir. 1995); *see also Lion's Volunteer Blind Ind., Inc. v. Automated Group Admin., Inc.*, 195 F.3d 803, 809 (6th Cir. 1999) (finding that plaintiff's misrepresentation claim stemming from a contract between the employer and third-party administrator was completely preempted because a court entertaining the merits of the claim would be forced to interpret the ERISA governed plan); *Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482, 1488-89 (7th Cir. 1996) (considering whether the plaintiff's state law claim cannot be resolved without an interpretation of the contract governed by ERISA in determining whether a state law claim falls within the scope of 502(a)); *Sonoco Products Co. v. Physicians Health Plan, Inc.*, 338 F. 3d 336, 372 (4th Cir. 2003) (same).

13.	Plaintiff's claims cannot be resolved without an interpretation of the ERISA governed plan. As a result, Plaintiff's state court claims are within the scope of 502(a) and removable to this Court as they are completely preempted by ERISA. *See Metropolitan Life Inc. Co. v. Taylor*, 481 U.S. 58, 63-67 (1987).

WHEREFORE, Defendant Humana respectfully removes this action from the General Sessions Court of Shelby County, Tennessee to this Court, pursuant to 28 U.S.C. § 1441.

Respectfully submitted, this the 18th day of September, 2009.

> **BUTLER SNOW O'MARA STEVENS & CANNADA, PLLC**
>
> By: s/Randall D. Noel
> RANDALL D. NOEL   (6405)
> Attorney for Humana Insurance Company
> 6075 Poplar Ave., Ste. 500
> Memphis, TN 38119
> (901) 680-7346
> (901) 680-7201 (fax)
> Email: randy.noel@butlersnow.com

Certificate of Service

The undersigned hereby certifies that a true and correct copy of the foregoing pleading has been served via U.S. Mail, postage prepaid, this the 18th day of September, 2009 upon the following:

Kelvin Bernard Allen, Pro se
792 Tampa Avenue
Memphis, TN 38106
Phone: (901) 674-0969


s/Randall D. Noel